UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN VAGNINI,                 )

                  Plaintiff,       )

                    )   Case No. 2:21-cv-10606

       v.                 )   Hon. Sean F. Cox

                    )   Mag. Judge Curtis Ivy, Jr.

PRECISION VEHICLE LOGISTICS, LLC,   )

                )

             Defendant.    )

_____/

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
101 N. Main Street, Suite 555
Ann Arbor, MI  48104
(734) 663-7550
nhurwitz@nachtlaw.com

*Attorneys for Plaintiff*

Connie M. Cessante (P40935)
Vincent C. Sallan (P79888)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
(313) 965-8300
ccessante@clarkhill.com
vsallan@clarkhill.com

*Attorneys for Defendant*

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant, PRECISION VEHICLE LOGISTICS, LLC, by and through its attorneys,

CLARK HILL PLC by CONNIE M. CESSANTE and VINCENT C. SALLAN for its Answer

and Affirmative Defenses to Plaintiff's Complaint and Jury Demand states:

## PARTIES, JURISDICTION, AND VENUE

1.     This Paragraph raises no factual allegations but merely sets forth the nature of the action to which a response is not required.  To the extent this Paragraph raises, or attempts to raise, any factual allegations, Defendant denies it violated Plaintiff's civil rights as provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), or the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2201, *et. seq*., or in any other way or manner.  In further answer, Defendant denies it is liable to Plaintiff for any claim asserted in this action.

2.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

3.     Defendant admits the allegations contained in this Paragraph.

4.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further answer, Defendant admits Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date  of her voluntary resignation.  Except as specifically admitted, and to the extent this Paragraph raises, or attempts to raise, any other factual allegations, Defendant denies them as untrue.

5.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.

262896271

Defendant affirmatively states that the statutes to which Plaintiff refers in this Paragraph speak for themselves.  Defendant denies this Court has subject matter jurisdiction over any claim beyond the scope of the underlying Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission.

6.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required. Defendant affirmatively states that the statute to which Plaintiff refers in this Paragraph speaks for itself.  In further answer, Defendant affirmatively states that this Court has discretionary supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Defendant neither admit nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

8.     Defendant admits only that Plaintiff's Charge of Discrimination, No. 471-2021-00032, is dated January 21, 2021 and that the boxes checked on the Charge are sex and retaliation.  Except as specifically admitted, Defendant neither admits nor denies the balance of the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

9.     Defendant neither admits nor denies the allegations contained in this this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.  In further answer, to the extent this Paragraph raises, or attempts to raise, any factual allegations, Defendant denies them as untrue.

10.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

## GENERAL ALLEGATIONS

11.     Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Ten, as if fully set forth in this Paragraph.

12.     Defendant admits Plaintiff is a "woman."   Except as specifically admitted, Defendant denies as untrue the balance of the allegations contained in this Paragraph in the manner and form alleged.

13.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

14.     Defendant denies as untrue the allegations contained in this Paragraph.

15.     Defendant denies as untrue the allegations contained in this Paragraph.

16.     Defendant denies as untrue the allegations contained in this Paragraph.

262896271

17.     Defendant denies as untrue the allegations contained in this Paragraph.

18.     Defendant denies as untrue the allegations contained in this Paragraph.

19.     Defendant denies as untrue the allegations contained in this Paragraph.

20.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.   Defendant affirmatively states Plaintiff never reported to Defendant that her phone records reflect calls from Ed Kidd on March 23, 2020 at 6:01 a.m., 6:06 a.m., 6:21 a.m., and 8:58 a.m.  To the contrary, when Plaintiff was asked what evidence or documentation (*i.e.*, letters, messages, note, or records) she had to support what she claimed happened with respect to Kidd, Plaintiff said she had none.

21.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

22.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.

23.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.   Defendant

affirmatively states Plaintiff never reported to Defendant that her phone records reflect calls from Kidd on July 26, 2020 at 5:02 a.m., 5:33 a.m., 5:36 a.m., 6:35 a.m., 6:49 a.m., and 12:49 p.m.  To the contrary, when Plaintiff was asked what evidence or documentation (*i.e.*, letters, messages, note, or records) she had to support what she claimed happened with respect to Kidd, Plaintiff said she had none.

24.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.  Defendant affirmatively states Plaintiff never reported to Defendant that her phone records reflect a call from Kidd on July 31, 2020 at 5:45 a.m.  To the contrary, when Plaintiff was asked what evidence or documentation (*i.e.*, letters, messages, note, or records) she had to support what she claimed happened with respect to Kidd, Plaintiff said she had none.

25.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.  Defendant affirmatively states Plaintiff never reported to Defendant that her phone records reflect calls from Kidd on August 1, 2020 at 4:57 a.m., 11:57 a.m., 1:00 p.m., and 4:43 p.m.     To the contrary, when Plaintiff was asked what evidence or documentation (*i.e.*, letters, messages, note, or records) she had to support what she

262896271

claimed happened with respect to Kidd, Plaintiff said she had none.

26.     Defendant neither admits nor denies the allegations contained in this Paragraph, being without sufficient information and knowledge to form a belief as to the truth or falsity thereof, and leaves Plaintiff to her proofs.  Defendant affirmatively states Plaintiff never reported to Defendant that Kidd sent a text message to her on August 13, 2020 at 10:44 a.m., stating, "'Would you be my girlfriend circle yes or no.'"  To the contrary, when Plaintiff was asked what evidence or documentation (*i.e.*, letters, messages, note, or records) she had to support what she claimed happened with respect to Kidd, Plaintiff said she had none.

27.     Defendant denies as untrue the allegations contained in this Paragraph. Defendant affirmatively states Plaintiff did not complain about Kidd's conduct/statements, or otherwise provide notice of any concerns she had about her interaction with Kidd, until September 9, 2020.  In further answer, Defendant states Plaintiff's complaint was investigated promptly, which investigation included escalating Plaintiff's complaint to Ford, Kidd's employer.

28.     Defendant denies as untrue the allegations contained in this Paragraph.

29.     Defendant denies as untrue the allegations contained in this Paragraph.

30.     Defendant denies as untrue the allegations contained in this Paragraph.

31.     Defendant denies as untrue the allegations contained in this Paragraph.

32.     Defendant denies as untrue the allegations contained in this Paragraph.

262896271

33.     Defendants admits Plaintiff performed her duties and responsibilities diligently and to a high degree of satisfaction.  Except as specifically admitted, Defendant denies as untrue the balance of the allegations contained in this Paragraph.

34.     Defendant denies as untrue the allegations contained in this Paragraph. Defendant affirmatively state that on September 14, 2020, Plaintiff provided the "Precision Team" with written notice of her resignation, effective September 30, 2020.  When notifying the Precision Team she was resigning, Plaintiff stated:  "I appreciate all the opportunities I have been given working at Precision.  Working on your team has allowed me to develop my professional skills.  I am happy to provide assistance during this transition.  I wish you all the very best going forward.  If you need anything in the future please don't hesitate to reach me at …."

35.     Defendant denies as untrue the allegations contained in this Paragraph. Defendant affirmatively states that on September 11, 2020, two days after she reported Kidd's conduct/statements, Plaintiff was notified by Defendant's Area Manager that her complaint had been escalated to the Human Resources Manager within People Services.

36.     Defendant denies as untrue the allegations contained in his Paragraph in the manner and form alleged.  Defendant affirmatively states that on or around September 18, 2020, Defendant asked Plaintiff if she would rescind her resignation.

8

262896271

In further answer, Defendant states that by September 18, Plaintiff had transferred to Defendant's DriveAway location in Romulus, Michigan following her request not to work around Kidd and with her consent.  The distance between Plaintiff's assigned location and the Driveaway location is only 5.4 miles.

37.     Defendant denies as untrue the allegations contained in this Paragraph.

38.     Defendant denies as untrue the allegations contained in this Paragraph.

39.     Defendant admits that on or about October 30, 2020, Defendant sent Plaintiff an unconditional offer of reinstatement (which is attached as **Exhibit A**) and gave Plaintiff until November 30, 2020, to make a decision to return either to her former position (Supervisor, Yard Operations) on the same shift; to return to her former position on a second shift; or to return as a Supervisor at the DriveAway Operation in Romulus, Michigan, which is only about 5.4 miles away from Plaintiff's initial, assigned location, and would have accommodated her request to not work around Kidd. (**Exhibit A**)  In further answer, Defendant affirmatively states that on November 25, 2020, Plaintiff sent the Human Resources Manager (Mark Kora) of People Services an email, stating:  "I apologize for the delay.  I'm still debating on which job if any I want to return to…Thank you for your time and I will let you know by the 30th….", after which Plaintiff never contacted Defendant again. Plaintiff's November 25 email is attached as **Exhibit B**. On May 10, 2021, Defendant sent Plaintiff a second unconditional offer of reinstatement giving her

until May 21, 2021 to make a decision to return as a Supervisor of Yard Operations at the Ford Dearborn Truck Plant, which is attached as **Exhibit C**.  Plaintiff never responded to the May 10 unconditional offer of reinstatement.  Except as specifically admitted, and to the extent this Paragraph raises, or attempts to raise, any other factual allegations, Defendant denies them as untrue.

40.     Defendant denies as untrue the allegations contained in this Paragraph.

41.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required. Defendant affirmatively states that the case Plaintiff cites is out-of-circuit and is not controlling or persuasive, and Plaintiff has distorted the facts and holding of the case as it applies to this matter. To the extent this Paragraphs raises, or attempts to raise, any factual allegations, Defendants denies them as untrue.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e

42.     Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Forty-One, as if fully set forth in this Paragraph.

43.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further answer, Defendant admits only Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date of her voluntary resignation.

262896271

44.     Defendant admits that sex (and/or gender) is a protected class as provided by *Title VII*, and that Plaintiff is female.  To the extent this Paragraph raises, or attempts to raise, any other factual allegations, Defendant denies them as untrue, including any violation of *Title VII*.

45.     Defendant denies as untrue the allegations contained in this Paragraph.

46.     Defendant denies as untrue the allegations contained in this Paragraph.

47.     Defendant denies as untrue the allegations contained in this Paragraph.

48.     Defendant denies as untrue the allegations contained in this Paragraph.

49.     Defendant denies as untrue the allegations contained in this Paragraph.

50.     Defendant denies as untrue the allegations contained in this Paragraph.

51.     Defendant denies as untrue the allegations contained in this Paragraph.

**COUNT II**
**HOSTILE ENVIRONMENT IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e**

52.     Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Fifty-One, as if fully set forth in this Paragraph.

53.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further answer, Defendant admits only Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date of her voluntary resignation.

54.     Defendant admits that sex (and/or gender) is a protected class as

262896271

provided by *Title VII*, and that Plaintiff is female.  To the extent this Paragraph raises, or attempts to raise, any other factual allegations, Defendant denies them as untrue, including any violation of *Title VII*.

55.     Defendant denies as untrue the allegations contained in this Paragraph.

56.     Defendant denies as untrue the allegations contained in this Paragraph.

57.     Defendant denies as untrue the allegations contained in this Paragraph.

58.     Defendant denies as untrue the allegations contained in this Paragraph.

59.     Defendant denies as untrue the allegations contained in this Paragraph.

60.     Defendant denies as untrue the allegations contained in this Paragraph.

61.     Defendant denies as untrue the allegations contained in this Paragraph in the manner and form alleged.

62.     Defendant denies as untrue the allegations contained in this Paragraph.

63.     Defendant denies as untrue the allegations contained in this Paragraph.

64.     Defendant denies as untrue the allegations contained in this Paragraph.

65.     Defendant denies as untrue the allegations contained in this Paragraph.

66.     Defendant denies as untrue the allegations contained in this Paragraph.

<div align="center">

**COUNT III**
**RETALIATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e**

</div>

67.     Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Sixty-Six, as if fully set forth in this Paragraph.

262896271

68.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further answer, Defendant admits only Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date of her voluntary resignation.

69.     Defendant denies as untrue the allegations contained in this Paragraph in the manner and form alleged.

70.     Defendant denies as untrue the allegations contained in this Paragraph.

71.     Defendant denies as untrue the allegations contained in this Paragraph.

72.     Defendant denies as untrue the allegations contained in this Paragraph.

73.     Defendant denies as untrue the allegations contained in this Paragraph.

74.     Defendant denies as untrue the allegations contained in this Paragraph.

75.     Defendant denies as untrue the allegations contained in this Paragraph.

## COUNT IV
## SEX DISCRIMINATION IN VIOLATION OF
## ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2201 *et seq*.

76.     Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Seventy-Five, as if fully set forth in this Paragraph.

77.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further

262896271

answer, Defendant admits only Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date of her voluntary resignation.

78.    Defendant admits that sex (and/or gender) is a protected class as provided by Michigan's Elliott-Larsen Civil Rights Act, and that Plaintiff is female. To the extent this Paragraph raises, or attempts to raise, any other factual allegations, Defendant denies them as untrue, including any violation of the Elliott-Larsen Civil Rights Act.

79.    Defendant denies as untrue the allegations contained in this Paragraph.

80.    Defendant denies as untrue the allegations contained in this Paragraph.

81.    Defendant denies as untrue the allegations contained in this Paragraph.

82.    Defendant denies as untrue the allegations contained in this Paragraph.

83.    Defendant denies as untrue the allegations contained in this Paragraph.

### COUNT V
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2201 *et seq*.

84.    Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Eighty-Three, as if fully set forth in this Paragraph.

85.    This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further

answer, Defendant admits only Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date of her voluntary resignation.

86.    Defendant admits that sex (and/or gender) is a protected class as provided by Michigan's Elliott-Larsen Civil Rights Act, and that Plaintiff is female. To the extent this Paragraph raises, or attempts to raise, any other factual allegations, Defendant denies them as untrue, including any violation of the Elliott-Larsen Civil Rights Act.

87.    Defendant denies as untrue the allegations contained in this Paragraph.

88.    Defendant denies as untrue the allegations contained in this Paragraph.

89.    Defendant denies as untrue the allegations contained in this Paragraph.

90.    Defendant denies as untrue the allegations contained in this Paragraph.

91.    Defendant denies as untrue the allegations contained in this Paragraph.

92.    Defendant denies as untrue the allegations contained in this Paragraph.

93.    Defendant denies as untrue the allegations contained in this Paragraph.

94.    Defendant denies as untrue the allegations contained in this Paragraph.

95.    Defendant denies as untrue the allegations contained in this Paragraph.

**COUNT V**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2201 *et seq*.**

96.    Defendant re-alleges and incorporates, by reference, its answers and denials to Paragraphs One through Ninety-Five, as if fully set forth in this Paragraph.

97.     This Paragraph raises no factual allegations against Defendant but attempts to set forth a legal conclusion to which a response is not required.  In further answer, Defendant admits only Plaintiff was employed between December 30, 2018 and September 30, 2020, the effective date of her voluntary resignation.

98.     Defendant denies as untrue the allegations contained in this Paragraph in the manner and form alleged.

99.     Defendant denies as untrue the allegations contained in this Paragraph.

100.     Defendant denies as untrue the allegations contained in this Paragraph.

101.     Defendant denies as untrue the allegations contained in this Paragraph.

102.     Defendant denies as untrue the allegations contained in this Paragraph.

103.     Defendant denies as untrue the allegations contained in this Paragraph.

In answer to the Paragraph "Relief Requested," Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief requested in sub-paragraphs (a) through (f).

WHEREFORE, Defendant, PRECISION VEHICLE LOGISTICS, LLC, by and through its attorneys, CLARK HILL, PLC by CONNIE M. CESSANTE and VINCENT C. SALLAN, respectfully requests that:

a.     Plaintiff's Complaint be dismissed with prejudice with respect to each count;

16

b.      Plaintiff be denied each item of relief specified and requested in the Complaint;

c.      Defendant be awarded its costs, attorneys' fees and expenses so wrongfully incurred; and

d.      This Court grant such other relief to Defendant as is deemed proper and just.

## AFFIRMATIVE DEFENSES

Defendant, PRECISION VEHICLE LOGISTICS, LLC, by and through its attorneys, CLARK HILL PLC by CONNIE M. CESSANTE and VINCENT C. SALLAN, for its Affirmative Defenses, state as follows:

### I.

The Complaint fails to state a claim upon which relief can be granted.

### II.

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### III.

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff failed to exhaust applicable administrative remedies.

262896271

**IV**.

This Court lacks subject matter jurisdiction over any claim beyond the scope of the underlying administrative charge filed by Plaintiff, on the ground that Plaintiff failed to exhaust her administrative remedies or failed to file the claims in an administrative charge with the Equal Employment Opportunity Commission.

**V.**

To the extent that Plaintiff's Complaint alleges a claim of harassment, she has failed to state a cause of action upon which relief can be granted for the reason that Defendant exercised reasonable care to prevent and promptly correct any harassment; and, Plaintiff unreasonably failed to complain to management or to avoid the harm and otherwise failed to take advantage of preventative or corrective opportunities provided by Defendant, including Defendant's anti-harassment policy.

**VI.**

Plaintiff is not entitled to any monetary relief, either in the form of back pay, front pay or compensatory damages, due to Plaintiff's failure to properly mitigate her damages and her damages, if any, are subject to appropriate set-offs.

**VII.**

Plaintiff is not entitled to all of the damages alleged in her Complaint because the damages which she seeks, in whole or in part, are not authorized or recoverable by statute, law and/or warranted in this action.

262896271

**VIII.**

Plaintiff is not entitled to punitive damages as alleged in her Complaint because Plaintiff failed to plead facts sufficient to support the recovery of punitive damages and/or Defendant committed no act justifying an award of punitive damages.

**IX.**

Plaintiff's Complaint seeking equitable and/or injunctive relief fails to state a claim upon which relief can be granted based upon doctrines of estoppel, waiver and unclean hands.

**X**.

Plaintiff's Complaint and claims for damages are barred, in whole or in part, by after acquired evidence of facts and circumstances which have become known to Defendant since Plaintiff's employment ended.

**XI.**

To the extent that Plaintiff's Complaint may be barred by any remaining affirmative defenses or other defenses, including the defenses contemplated by Fed. R. Civ. P. 8(c), Defendant reserves the right to amend its Answer and Affirmative Defenses to include such additional, special or affirmative defenses that may become known to it during the course of discovery or investigation of this suit.

WHEREFORE, Defendant, PRECISION VEHICLE LOGISTICS, LLC, by and through its attorneys, CLARK HILL, PLC by CONNIE M. CESSANTE and VINCENT C. SALLAN, respectfully request that:

a.      Plaintiff's Complaint be dismissed with prejudice with respect to each count;

b.      Plaintiff be denied each item of relief specified and requested in the Complaint;

c.      Defendant be awarded its costs, attorneys' fees and expenses so wrongfully incurred; and

d.      This Court grant such other relief to Defendant as is deemed proper and just.

<div style="margin-left:45%">

Respectfully submitted,

CLARK HILL PLC

By: */s/ Connie M. Cessante*_____
Connie M. Cessante (P40935)
Vincent C. Sallan (P79888)
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
(313) 965-8300
Attorneys for Defendant

</div>

Date:  May 25, 2021

262896271

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on May 25, 2021 via:

_____ U.S. Mail                    _____ Facsimile

_____ Hand Delivery        ___X___ USDC ECF

_____ E-Mail                          _____ Federal Express

By: */s/ Connie M. Cessante*_____
Connie M. Cessante (P40935)

262896271